UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

THOMAS ARTHUR WILLIAMS,

    Plaintiff,

    v.

CAROLYN W. COLVIN,
Acting Commissioner of Social
Security,

    Defendant.

No.  1:15-CV-03093-RHW

**ORDER GRANTING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT**

      Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 17, 20.  Mr. Williams brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied his application for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C §§ 401-434.  After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed.  For the reasons set forth below, the Court DENIES Mr. Williams's Motion for Summary Judgment and GRANTS the Commissioner's Motion for Summary Judgment.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 1**

## I.    Jurisdiction

Mr. Williams filed an application for Disability Insurance Benefits on February 22, 2012, AR 65, alleging onset of disability on July 26, 2007.  AR 67. His application was initially denied on July 23, 2012, AR 95, and on reconsideration on November 6, 2012, AR 103.  On January 22, 2014, Administrative Law Judge ("ALJ") Tom Morris held a video hearing from Seattle, Washington.  AR 34.  On February 20, 2014, ALJ Morris issued a decision finding Mr. Williams ineligible for benefits.  AR 11-29.  The Appeals Council denied Mr. Williams's request for review on April 16, 2015, AR 1-3, making the ALJ's ruling the "final decision" of the Commissioner.  Mr. Williams timely filed the present action challenging the denial of benefits, and accordingly, his claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

## II.    Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A claimant shall be determined to be under a disability only if the claimant's impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**~ 2

claimant's age, education, and work experience, engage in any other substantial

gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A) &

1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process

for determining whether a claimant is disabled within the meaning of the Social

Security Act.  20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsburry v.*

*Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

Step one inquires whether the claimant is presently engaged in "substantial

gainful activity."  20 C.F.R. §§ 404.1520(b) & 416.920(b).  Substantial gainful

activity is defined as significant physical or mental activities done or usually done

for profit.  20 C.F.R. §§ 404.1572 & 416.972.  If the claimant is engaged in

substantial activity, he or she is not entitled to disability benefits.  20 C.F.R. §§

404.1571 & 416.920(b).  If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination

of impairments, that significantly limits the claimant's physical or mental ability to

do basic work activities.  20 C.F.R. §§ 404.1520(c) & 416.920(c).  A severe

impairment is one that has lasted or is expected to last for at least twelve months,

and must be proven by objective medical evidence.  20 C.F.R. §§ 404.1508-09 &

416.908-09.  If the claimant does not have a severe impairment, or combination of

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 3**

1  impairments, the disability claim is denied, and no further evaluative steps are

2  required.  Otherwise, the evaluation proceeds to the third step.

3       Step three involves a determination of whether any of the claimant's severe

4  impairments "meets or equals" one of the listed impairments acknowledged by the

5  Commissioner to be sufficiently severe as to preclude substantial gainful activity.

6  20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926;

7  20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings").  If the impairment meets or

8  equals one of the listed impairments, the claimant is *per se* disabled and qualifies

9  for benefits.  *Id.*  If the claimant is not *per se* disabled, the evaluation proceeds to

10 the fourth step.

11      Step four examines whether the claimant's residual functional capacity

12 enables the claimant to perform past relevant work.  20 C.F.R. §§ 404.1520(e)-(f)

13 & 416.920(e)-(f).  If the claimant can still perform past relevant work, the claimant

14 is not entitled to disability benefits and the inquiry ends.  *Id.*

15      Step five shifts the burden to the Commissioner to prove that the claimant is

16 able to perform other work in the national economy, taking into account the

17 claimant's age, education, and work experience.  *See* 20 C.F.R. §§ 404.1512(f),

18 404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c).  To meet this

19 burden, the Commissioner must establish that (1) the claimant is capable of

20 performing other work; and (2) such work exists in "significant numbers in the

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 4**

national economy."  20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue,*
676 F.3d 1203, 1206 (9th Cir. 2012).

### III.    Standard of Review

A district court's review of a final decision of the Commissioner is governed
by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited, and the
Commissioner's decision will be disturbed "only if it is not supported by
substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1144,
1158-59 (9th Cir. 2012) (citing § 405(g)).  Substantial evidence means "more than
a mere scintilla but less than a preponderance; it is such relevant evidence as a
reasonable mind might accept as adequate to support a conclusion." *Sandgathe v.
Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d
1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted).  In determining
whether the Commissioner's findings are supported by substantial evidence, "a
reviewing court must consider the entire record as a whole and may not affirm
simply by isolating a specific quantum of supporting evidence."  *Robbins v. Soc.
Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879
F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its
judgment for that of the ALJ.  *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir.
1992).  If the evidence in the record "is susceptible to more than one rational

interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld").  Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111.  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

### IV.    Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings, and accordingly, are only briefly summarized here.   Mr. Williams was 46 years old on the date of his hearing. AR 152.  Mr. Williams has completed high school and attended special education classes. AR 177. Mr. Williams has previous work experience as an auto mechanic. AR 27. He alleges the following conditions limit his ability to work: left shoulder pain, status post three surgeries; chronic pain in lower back; severe headaches; ringing in ears; eyesight impairment; sleep apnea; and depression. AR 176.

//

1

## V.    The ALJ's Findings

2      The ALJ determined that Mr. Williams was not disabled under the Social

3  Security Act and denied his application for benefits.  AR 11-29.

4      **At step one**, the ALJ found that Mr. Williams had not engaged in substantial

5  gainful activity since December 31, 2012 (citing 20 C.F.R. § 416.971 *et seq*.).  AR

6  16.

7      **At step two**, the ALJ found Mr. Williams had the following severe

8  impairments: left shoulder joint dysfunction, degenerative disc disease, sleep apnea

9  syndrome, a headache disorder, glaucoma, and an affective disorder (citing 20

10 C.F.R. § 416.920(c)).  AR 16.

11     **At step three**, the ALJ found that Mr. Williams did not have an impairment

12 or combination of impairments that meets or medically equals the severity of one

13 of the listed impairments in 20 C.F.R. §§ 404, Subpt. P, App. 1 (citing 20 C.F.R.

14 §§ 416.920(d), 416.925, & 416.926).  AR 21-22.

15     **At step four**, the ALJ found that Mr. Williams could perform light work as

16 defined in 20 C.F.R. § 404.1567(b) except that he could: occasionally and

17 frequently lift and/or carry ten pounds; stand and/or walk (with normal breaks) for

18 a total of about six hours in an eight-hour workday and sit (with normal breaks) for

19 a total of about six hours in an eight-hour workday; perform occasional reaching

20 with the left upper extremity; avoid concentrated exposure to hazards (dangerous

machinery, unprotected heights, etc.), noise, and vibration; perform unskilled work tasks; have occasional interaction with supervisors and co-workers for work tasks and occasional interactions with the public for work tasks; tolerate frequent predictable changes in the work environment; and use a computer for no more than ten minutes at a time. AR 22-27.

The ALJ found that Mr. Williams is unable to perform his past relevant work as an auto mechanic. AR 27

**At step five**, the ALJ found that, considering his age, education, work experience, and residual functional capacity, in conjunction with the Medical-Vocational Guidelines and the testimony of a vocational expert, there are jobs that exist in significant numbers in the national economy that Mr. Williams can perform, which include mail clerk, escort vehicle driver, and call out operator.  AR 28.

## VI.    Issues for Review

Mr. Williams argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence.  Specifically, he argues the ALJ erred by: (1) totally rejecting treating physicians Dr. Greenberg and Dr. Cox's opinions that Mr. Williams is incapable of full time employment; (2) rejecting the opinions of examining consultative examiner Dr. Pellicer regarding Mr. Williams's restrictions concerning standing/walking, lifting/carrying, and manipulation with

the left upper extremity; (3) giving "great weight" to the opinion of non-examining

agency consultant Dr. Stevick; (4) improperly calculating Mr. Williams's

credibility, including his testimony about his limiting symptoms; (5) failing to

evaluate this claim under the standards of SSR 99-2p and SSR 14-1p, pertaining to

Evaluation of Claims Involving Chronic Fatigue Syndrome; and (6) having found,

at step four, that Mr. Williams is not capable of returning to any of his past kinds

of employment, the ALJ did not properly identify a sufficient number of other jobs

relative to Mr. Williams limitations and restrictions. ECF No. 17 at 12-22.

## VII.   Discussion

### A. The ALJ did not err with regard to the weight given to the medical opinions in the record.

Having reviewed the record and the briefing, the Court finds that the weight

given by the ALJ to the medical opinions of the treating, examining, and non-

examining physicians on record was appropriate. Mr. Williams takes particular

issue with the weight given to: Dr. Geoffrey Greenberg, M.D; Dr. William T. Cox,

D.O.; Dr. Mary Pellicer, M.D.; and Dr. Drew Stevick, M.D.

The Ninth Circuit has distinguished between three classes of physicians in

defining the weight to be given to their opinions: (1) treating physicians, who

actually treat the claimant; (2) examining physicians, who examine but do not treat

1    the claimant; and (3) non-examining physicians, who neither treat nor examine the

2    claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).

3         A treating physician's opinion is given the most weight, followed by an

4    examining physician, and then by a non-examining physician. *Id.* at 830-31. In the

5    absence of a contrary opinion, a treating or examining physician's opinion may not

6    be rejected unless "clear and convincing" reasons are provided. *Id.* at 830.  If

7    contradicted, a treating or examining doctor's opinion can be discounted for

8    "specific and legitimate reasons that are supported by substantial evidence in the

9    record." *Id.* at 830-31.  The ALJ gave only some weight to the opinion of Dr.

10   Pellicer in July 2012, AR 358-64, but gave greater weight, with regard to

11   manipulative restrictions, to the opinion of Dr. Stephen P. Roesler, M.D. AR 303.

12   Dr. Roeslar was a treating physician that performed shoulder surgeries on Mr.

13   Williams, whereas Dr. Pellicer was an examining physician. Where these opinions

14   diverged, the ALJ properly gave greater weight to Dr. Roeslar's assessment. *See*

15   *Lester*, 81 F.3d at 830-31.[1]

16        Conversely, Mr. Williams asserts that it was improper for the ALJ to give

17   great weight to the opinion of Dr. Stevick, a non-examining physician. ECF No. 17

18

19   ---

[1] With regard to the limitations related to arthritis-type pain and the back
pain that was secondary to the arthritis, Dr. Pellicer's clinical impression
was "pending pain clinic referral." AR 364. The necessary pain clinic

20   evaluation was never completed, and the ALJ thus disregarded the limitations.
AR 26. As arthritis was not medically determined, the ALJ was not obligated
to consider limitations resulting from it and secondary conditions.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 10**

1    at 15-16. While the opinion of a non-examining physician cannot on its own

2    constitute substantial evidence that justifies the rejection of a treating or examining

3    physician, it is not inappropriate for an ALJ to value a non-examining physician's

4    opinion that is consistent with the record as a whole. *See Magallanes v. Bowen*,

5    881 F.2d 747, 751 (9th Cir. 1989). While Dr. Stevick did prepare his opinion based

6    on records prior to November 2012, the opinion was consistent with the record

7    overall, the reason the ALJ gave such strong weight to this opinion. AR 26.

8          On the other hand, an ALJ may properly reject a doctor's opinion if the

9    clinical notes or observations are inconsistent with the opinion. *Bayliss v.*

10   *Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005)(citing *Weetman v. Sullivan*, 877

11   F.2d 20, 23 (9th Cir. 1989). The ALJ gave limited weight to the statement by Dr.

12   Cox on October 14, 2011, that Mr. Williams suffers from significant impairments

13   stemming from his sleep apnea because the impairments are inconsistent with his

14   records. AR 25. For example, Dr. Cox approved Mr. Williams in April 2013 for

15   two years of a commercial driver's license. AR 397. The ALJ did not err by relying

16   on these internal inconsistencies to reduce the weight given to the opinion.

17         Finally, when a doctor's opinion is based "to a large extent" on the

18   claimant's self-reports, and the claimant's subjective complaints have been

19   properly discredited[2], an ALJ may give limited weight to that opinion. *Tommasetti*

20

---

[2] *See infra* at pp. 12-14 regarding the ALJ's determination of Mr. Williams's
credibility.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT~ 11**

1   *v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).  The ALJ gave little weight to the

2   opinion of Dr. Greenberg that it was "doubtful" that Mr. Williams could return to

3   the work force, AR 523, and the subsequent one-question checklist completed by

4   Dr. Greenberg on the same date, AR 518. The ALJ discounted this opinion because

5   it was based on subjective complaints, which were not fully credible. AR 27; *see*

6   *infra* pp. 12-14. The examination notes for the visit in which Dr. Greenberg made

7   this finding show normal findings, including blood pressure, apnea-hypopnea

8   index score, and chest and cardiac examination. AR 523. Thus, the ALJ concluded

9   that Dr. Greenberg's opinion was based on Mr. Williams's complaints of

10  sleepiness, a rational interpretation. *See Thomas,* 278 F.3d at 954 (Court will not

11  overturn a rational interpretation supported by the evidence.).

12      **B. The ALJ Properly Discounted Mr. Williams's Credibility.**

13      An ALJ engages in a two-step analysis to determine whether a claimant's

14  testimony regarding subjective pain or symptoms is credible.  *Tommasetti,* 533

15  F.3d at 1039. First, the claimant must produce objective medical evidence of an

16  underlying impairment or impairments that could reasonably be expected to

17  produce some degree of the symptoms alleged.  *Id.* Second, if the claimant meets

18  this threshold, and there is no affirmative evidence suggesting malingering, "the

19  ALJ can reject the claimant's testimony about the severity of her symptoms only

20  by offering specific, clear and convincing reasons for doing so."  *Id.*

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**~ 12

1    In weighing a claimant's credibility, the ALJ may consider many factors,

2    including, "(1) ordinary techniques of credibility evaluation, such as the claimant's

3    reputation for lying, prior inconsistent statements concerning the symptoms, and

4    other testimony by the claimant that appears less than candid; (2) unexplained or

5    inadequately explained failure to seek treatment or to follow a prescribed course of

6    treatment; and (3) the claimant's daily activities." *Smolen v. Chater,* 80 F.3d 1273,

7    1284 (9th Cir.1996).

8    The ALJ identified multiple reasons for discounting Mr. Williams's

9    subjective statements. Despite statements that he was significantly limited in his

10   daily activities (such as driving) due to fatigue, Mr. Williams sought and was

11   approved for a commercial driving license during his time of disability and drove

12   to California, a ten-hour drive. AR 24, 397-98. Additionally, the ALJ noted

13   activities inconsistent with his alleged mobility complaints, such as camping. AR

14   24, 384. His orthopedic surgeon, Dr. Roeslar, instructed Mr. Williams to return if

15   there were problems with his shoulder, AR 302, and Dr. Cox also recommended

16   that Mr. Williams re-establish care with Dr. Roeslar, AR 398, but Mr. Williams did

17   follow up on this, which may indicate the symptoms were not as severe as alleged.

18   Likewise, Mr. Williams did not follow up on the recommendation of Dr. Eugene

19   May, M.D., for headache management. AR 424.

20

1    The ALJ interpreted these inconsistencies as evidence that Mr. Williams's

2  subjective complaints were not as severe as he indicated. This was a permissible,

3  rational interpretation that is supported by substantial evidence, *see Tommasetti*,

4  533 F.3d at 1040, and the Court finds no error with the ALJ's determination.

5    **C. The ALJ did not err for failing to include Chronic Fatigue Syndrome**

6    **because it was not a medically diagnosed impairment.**

7    Mr. Williams alleges that it was error for the ALJ to fail to evaluate the

8  claim under the standards set forth by the Social Security Administration for

9  claims involving Chronic Fatigue Syndrome. ECF No. 17 at 19-20. This argument

10  is unpersuasive because, despite information in the record of various symptoms of

11  Chronic Fatigue Syndrome, Mr. Williams has no diagnosis of the condition.

12  Absent a formal diagnosis, as well as consistency within the record to support the

13  diagnosis, there was no error in failing to consider or include this condition. *See*

14  SSR-14-1p.

15    **D. The ALJ did not err at Step Five.**

16    Because the Court finds that the ALJ did not err with regard to the weight

17  given to medical opinions and his credibility, there was no error in the

18  determination of the residual functional capacity. Thus, the hypothetical posed to

19  the vocational expert was not incomplete. A restatement of the perceived

20  deficiencies in the evaluation by Mr. Williams is not sufficient to prove that the

hypothetical was incomplete. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

## VIII.  Conclusion

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence or free of legal error. Accordingly, **IT IS ORDERED:**

1.  Plaintiff's Motion for Summary Judgment, **ECF No. 17**, is **DENIED.**

2.  Defendant's Motion for Summary Judgment, **ECF No. 20,** is **GRANTED.**

3. **Judgment shall be entered for Defendant** and the file shall be **CLOSED.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 26th day of August, 2016.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 15**